1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | MARK E. PHILLIPS,             CASE NO. C13-596 RSM

11 |            Plaintiff,         ORDER GRANTING
DEFENDANT'S MOTION TO
12 |       v.                      DISMISS AND MOTION TO
STRIKE
13 | KYLEEN ELISABETH CANE;
JAUNITA MARY JARDIN; and DOES
14 | 1-25,

15 |           Defendants.

16

17 | **I. INTRODUCTION**

18 |      This matter comes before the Court upon Defendant Kyleen Cane's Motion to Dismiss,

19 | or in the Alternative, Motion for Summary Judgment, and Motion to Strike.  Dkt. # 11.  For the

20 | reasons set forth below, Defendant's Motion to Dismiss and Strike shall be GRANTED.

21 | **II. BACKGROUND**

22 |      Plaintiff Mark Phillips, proceeding *pro se*, was the co-founder and CEO of MOD

23 | Systems, Inc. ("MOD"), an emerging high-tech start-up company. Phillips was prosecuted by the

24

1   United States for criminal violations with respect to his actions as CEO of MOD. Following a

2   2011 jury trial, this Court found Phillips guilty of wire fraud, mail fraud, and money laundering.

3   He was sentenced to 48 months in prison for those crimes. *United States v. Phillips*, 10-cr-269-

4   JCC. The duration of the sentence, and the wire fraud and money laundering convictions were

5   affirmed on appeal. *United States v. Phillips*, 704 F.2d 754 (9th Cir. 2012).

6          This civil case, as well as Case No. C13-444-RSM also pending before the Court, arise

7   from the facts surrounding Phillips' ouster as CEO of MOD. Phillips brought this action against

8   Defendants Kyleen Cane, Jaunita Mary Jardin, and Does 1-25. He alleges that his ouster and

9   Cane's appointment as trustee of his MOD stock shares resulted from a plot between Cane and

10  Jardin to take over his company. He alleges that Cane, a lawyer, and Jardin, a woman that

11  became his girlfriend and business consultant, "have been involved in various ventures, many of

12  them testing the legal and ethical limits of business transactions. In almost all instances in which

13  Ms. Cane represented Ms. [Jardin] and her companies, they have been sued for questionable

14  transactions and/or fraud." Dkt. # 1, ¶ 39. Phillips contends that Jardin stole personal and

15  confidential information from his business and personal computers, and gave that information to

16  Cane "in furtherance of their long-running scheme[] to gain control of MOD  . . . ." *Id.* at ¶ 41.

17  Phillips further contends that Jardin and Cane gave the information to a MOD investor, Mr.

18  Arnold, and that the information was used to "level baseless allegations against Mr. Phillips." *Id.*

19  at ¶ 48. MOD's Board of Directors created a Demand Review Committee ("DRC") to investigate

20  Arnold's claims. Cane was one of the board members chosen to serve on the DRC.

21         Phillips alleges that Cane and Jardin recommended that Cane be appointed to MOD's

22  Board of Directors, and that ultimately Cane be chosen to serve on the DRC to investigate

23

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
MOTION TO STRIKE - 2

1    Phillips' actions. He contends that the relationship between Cane and Jardin was not fully

2    disclosed to him. Moreover, he alleges

3            The recommendation of the DRC was to place Mr. Phillips shares
        (he was the majority shareholder) into a Voting Trust to be administered
4        by Ms. Cane. Mr. Phillips was hesitant to agree to the Voting Trust, but
        Ms. Cane convinced Mr. Phillips to agree to the trust by assuring him that
5        [Jardine] has put a hit on Mr. Phillips that will be recalled if he no longer
        has control of his shares in MOD. Ms. Cane told Mr. Phillips that agreeing
6        to the Voting Tust will keep him safe.

7    *Id.* at ¶ 52.

8            Against Cane, the only defendant yet to be served, Phillips asserts claims for breach of

9    contract, breach of fiduciary duty, fraud, conspiracy, and contractual indemnity. Dkt. # 1. Cane

10   brings the instant motion seeking dismissal of all claims against her pursuant to Fed. R. Civ. P.

11   12(b)(6), or alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56(a). Dkt. # 11, p.

12   7. She contends that the claims (1) are barred by the terms of a Binding Settlement Term Sheet

13   ("Settlement"); (2) are barred by the applicable statutes of limitations; and (3) fail as a matter of

14   law. *Id.* Ms. Cane also seeks to strike portions of the pleadings and exhibits as immaterial and

15   impertinent under Rule 12(f).

16                                    **III. DISCUSSION**

17           As discussed below, the Court finds that the claims for fraud, breach of fiduciary duty,

18   and conspiracy are time-barred under the applicable statute of limitations such that those claims

19   fail to state a claim under Rule 12(b)(6); that Plaintiff fails to plead a viable breach of contract

20   claim; that the claim for contractual indemnity fails to state a claim on the ground that it is

21   precluded by the Voting Trust Agreement ("VTA"), which Plaintiff referenced and attached to

22   his Complaint; and that Cane's motion to strike is warranted. Because the Court finds that the

23   five claims asserted against Cane warrant dismissal with prejudice under Rule 12(b)(6), the

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
MOTION TO STRIKE - 3

1  Court declines to consider the motion as one for summary judgment. In addition, the Court

2  declines to consider Cane's request to take judicial notice of numerous documents, including the

3  Settlement term sheet, as Plaintiff's Complaint and incorporated exhibits are sufficient to support

4  dismissal.

5  **A.  Legal Standard**

6         To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual

7  allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "[f]actual

8  allegations must be enough to raise a right to relief above the speculative level." *Id.* Put

9  differently, the Complaint "must contain sufficient factual matter, accepted as true, to state a

10  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This

11  requirement is met when the plaintiff "pleads factual content that allows the court to draw the

12  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

13  556 U.S. 662, 678 (2009). Although courts ruling on a Rule 12(b)(6) are generally limited to a

14  review of the complaint, other evidence "on which the 'complaint necessarily relies'" may be

15  considered.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citations

16  omitted).

17  **B.  Analysis**

18         Cane contends that the first four of Phillips' causes of action are governed by three-year

19  statutes of limitations, and that the applicable statutes ran prior to the date Phillips filed the

20  Complaint on April 2, 2013. Dkt. # 11, pp. 14-15.

21         With respect to the breach of contract claim, Cane argues that Phillips' breach of contract

22  claim, while ordinarily governed by a six-year statute of limitations, is subject to a three-year

23  limitations period because the Complaint fails to identify any specific breach of the VTA. To

24  support this assertion, Cane relies on the general rule that a breach of contract action sounds in

contract only when it alleges a breach of a specific contract term; otherwise, the action sounds in tort. *See Hudson v. Condon*, 6 P.3d 615, 619 (Wash. Ct. App. 2000). However, the Court need not consider the appropriate limitations period because the face of the Complaint and the referenced and attached VTA demonstrate that the claim for breach of contract fails to state a viable breach of contract claim.

Although Phillips argues that "[a] claim for breach of contract is satisfied by the attachment of that contract[]" (Dkt. # 14, p. 13), a plaintiff must plead that a specific term of the contract was breached to survive a Rule 12(b)(6) motion. *McAfee v. Francis*, No. 11-0821, 2011 WL 3293758, at * 2 (N.D. Cal. Aug. 1, 2011). Phillips has not done so here. Phillips does not identify any specific term of the VTA that Cane purportedly breached. Phillips alleges that Cane "breached her obligations under the Voting Trust" (Dkt. # 1, ¶ 75); that Cane had a duty to "protect plaintiff's job" (*id.* at ¶ 76, *see also id.* at ¶¶ 56-57, 66); that Cane "was to vote the shares in the trust as benefited [Plaintiff's] best interests" (*id.* at ¶ 74); and "[s]pecifically, Ms. Cane breached her obligations under the Voting Trust by agreeing to transfer stock to Mr. Arnold, by voting to remove plaintiff as CEO, by voting to alter plaintiff's salary, and by failing to protect plaintiff's job including not seeking the approval of the Voting Trust before terminating Mr. Phillips" (*id.* at ¶ 76).

The VTA, dated March 27, 2009, was signed by Phillips as Shareholder, Cane as Trustee, and MOD as the Company. Dkt. # 1-3. Section 5.1 of the VTA provides in relevant part

> The Trustee shall vote, or cause to be voted, in each and every instance or action set forth above (other than in the case of a merger, or sale or other disposition of all or substantially all of the Company's assets), all Shares as follows: *in precisely the same proportion as the totality of all outstanding Company shares*, voted in that particular instance or action that are not included in this Voting Trust or represented by the Bay Proxy, with all fractions rounded in favor of the majority of shares not included in this Voting Trust or represented by the Bay Proxy.

*Id.* at ¶ 5.1 (emphasis added). Moreover, the VTA states that "[t]he trustee shall have no discretion to vote the Shares in any manner other than as explicitly set forth in Section 5.1." *Id.* Phillips does not allege that Cane voted the shares in a manner that breached the terms of section 5.1, which required that she vote the shares in the same proportion as other shareholders, or that Cane breached any other specific term contained within the VTA. Thus, Phillips has failed to state a claim for breach of the VTA.

With respect to Phillips claims for fraud, breach of fiduciary duty, and conspiracy, the Court agrees that each claim is barred by a three-year statute of limitations.  "A defendant is permitted to raise a statute of limitations argument in a 12(b)(6) motion provided the basis for the argument appears on the face of the complaint and any materials the court is permitted to take judicial notice of." *Hernandez v. Sutter W. Capital*, C 09-03658 CRB, 2010 WL 3385046, at * 2 (N.D. Cal. Aug. 26, 2010) (citing *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980)). A limitations period begins to run on the date that a cause of action accrues. *Crownover v. State ex rel. Dept. of Transp.*, 265 P.3d 971, 977 (Wash. Ct. App. 2011).

Phillips' claims for breach of fiduciary duty and fraud accrued no later than March 4, 2010, which is evident from the face of his Complaint and its referenced Exhibit B. Although Phillips states in his Response brief that "[t]he complaint alleges that the ultimate act giving rise to a plausible cause of action occurred during Ms. Cane's false testimony at the criminal trial of plaintiff" (Dkt. # 14, p. 15), his Complaint incorporates a letter drafted by an attorney hired by Phillips "regarding the conduct of Ms. Cane and Ms. Wallace [Jardin]." Dkt. # 1, ¶ 59. The letter, dated March 4, 2010, discusses the actions of Cane and Jardin as follows:

> Mr. Phillips, who owns the majority of the intellectual property
> that MOD seeks to exploit and a majority of the company's shares, ran
> MOD until March, 2009 when he was forced by board member Kyleen

1   Cane to step down from Chairmanship and Chief Executive Officer
    positions based on accusations of mismanagement and conflict of interest
2   by a minority shareholder, Robert M. Arnold, in Arnold's February, 2009
    lawsuit against MOD. Arnold's advisor and attorney in fact, Juila de Haan,
3   worked hand-in-hand with Cane and Wallace [Jardin] to engineer the
    lawsuit. Cane coerced Phillips into placing his majority shareholdings in a
4   voting trust controlled by Cane as the sole trustee.

5   Dkt. # 1-4, pp. 7-8.

6           . . .

7           Cane's pressure tactics *directly* conflicted with her status as Mr.
    Phillips' trustee for the voting trust.

8   *Id.* at p. 9 (emphasis original).

9           . . .

10          Cane and Wallace [Jardin] have a long history of working together
    dating back at least a decade. . . . *MOD is the most recent victim of a*
11  *scheme* that has been brought to fruition of which we are aware. . . . We
    cannot overstate *the seriousness of the threat to MOD* and the Series A
12  funds. The fraud ring is extremely sophisticated, always staying one or
    two steps ahead of the law and using several shell companies, nominee
13  bank accounts at suspect offshore depositories, false or misleading
    statements to securities regulators, electronic and wire stalking conduct,
14  and other sophisticated means. . . . They often co-opt witting accomplices
    or unwitting dupes at the target companies into their schemes, *as they have*
15  *done at MOD.*

16
    *Id.* at pp. 6-7 (emphasis added). This letter directly contradicts Phillips' assertion that the claims
17
    levied against Cane arose at the time she testified at his 2011 criminal trial. By Phillips' own
18
    admission, he hired an attorney to draft the March 4, 2010 letter that articulates the same facts
19
    used by Phillips in his Complaint to support his claims for fraud, breach of fiduciary duty, and
20
    conspiracy.
21
        1.  Fraud
22
            A cause of action for fraud accrues when the aggrieved party discovers the facts of the
23
    alleged fraud. RCW 4.16.080(4); *Hudson v. Condon*, 101 Wash. App. 866, 875, 6 P.3d 615, 620
24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
MOTION TO STRIKE - 7

1    (2000). Actual knowledge of fraud may be inferred, "if the aggrieved party, through due

2    diligence, could have discovered it." *Id.* "Accordingly, the statute of limitations for a damage

3    action based on fraud commences when the aggrieved party discovers, or should have discovered

4    the fact of fraud and sustain some damage as a consequence." *Id.* Phillips's fraud claim is

5    premised on his belief that "Ms. Cane and Ms. Wallace [Jardin] intended all along to use their

6    positions of trust with plaintiff to "steal" MOD from him by gaining control of his shares and

7    then raiding the investment capital invested by Toshiba, NCR, and Deluxe." Dkt. # 1, ¶ 91.

8    Similarly, the March 4, 2010 letter states that Phillips was forced to step-down from his majority

9    shareholder and CEO position, that Cane coerced him into placing his shares into the Voting

10   Trust, and that Cane and Jardin have perpetrated fraudulent schemes in the past as they have

11   done at MOD. Thus, Phillips knew or should have known by March 4, 2010, that Cane and

12   Jardin's alleged fraudulent scheme to take control of his shares and of his company caused him

13   injury. Accordingly, because the cause of action accrued no later than March 4, 2010, and the

14   Complaint was filed on April 2, 2013, the three-year statute of limitations has run on Phillips'

15   claim for fraud.

16       2.   Breach of Fiduciary Duty

17       For the same reason, Phillips' claim for breach of fiduciary duty is also barred by the

18   three-year statute of limitations. RCW 4.16.080(4); *LaHue v. Keystone Inv. Co.*, 496 P.2d 343,

19   354 (Wash. Ct. App. 1972), review denied (holding that RCW 4.16.080(4) applies to actions

20   based on a breach of fiduciary obligations). The March 4, 2010 letter makes clear that Phillips

21   knew that Cane's "pressure tactics" presented a conflict of interest with her role as "Phillips'

22   trustee." Phillips therefore knew or should have known that Cane's actions as trustee of the

23   Voting Trust violated her alleged fiduciary duty to Phillips.

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
MOTION TO STRIKE - 8

3.  Conspiracy

A claim for conspiracy is only viable if the underlying claim from which it derives is actionable. *N.W. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999). Phillips alleges that the conspiracy between Cane and Jardin was rooted in their desire to defraud Phillips of his MOD shares and remove him from his management and ownership role. *See* Dkt. # 1, ¶ 97. Thus, Phillips conspiracy claim necessarily depends on the viability of the fraud claim, which the Court found to be time-barred.  *See Spencer v. Peters*, C11-5424 BHS, 2012 WL 4514417, at *8 (W.D. Wash. Oct. 2, 2012) (dismissing civil conspiracy claim on ground that underlying claim was time-barred). Accordingly, as Phillips claims for fraud, breach of fiduciary duty, and conspiracy are irreparably time-barred, the claims shall be dismissed with prejudice.

4.  Contractual Indemnity

The only remaining claim is for contractual indemnity. "In order to prove an indemnity claim, a plaintiff must demonstrate that there exists a contract containing an indemnity provision that binds the defendant to reimburse the plaintiff for the amount claimed." *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme N.W., Inc.*, 285 P.3d 70, 79, *review denied*, 287 P.3d 10 (Wash. Ct. App. 2012) (quotation omitted). The fundamental rules of contract interpretation apply to indemnity agreements. *Id.* Phillips alleges that Section 5.3 of the VTA indemnifies him under certain circumstances. Dkt. # 1, ¶ 103. Section 5.3 of the VTA states:

> The Company agree [sic] to defend, indemnify, hold the Trustee harmless from and against any and all losses, costs, damages, expenses, and liabilities (including reasonable attorneys' fees) reasonably incurred by it in connection with, or arising out of the performance of its duties under, [sic] this Agreement, and the Trustee shall be entitled from time to time to seek reimbursement from the Company for such losses, costs, damages, expenses, and liabilities.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
MOTION TO STRIKE - 9

1  Dkt. 1-3, p. 6. By its terms, section 5.3 indemnifies the "Trustee," not Phillips. Phillips

2  also did not respond to Cane's argument on this issue. Because the Court can divine no

3  viable argument supporting the claim given the express language of section 5.3, and

4  because Phillips has offered none, the claim for contractual indemnity fails to state a

5  claim and shall be dismissed with prejudice.

6  **C. Motion to Strike**

7      Cane asks the Court to strike all "a/k/a" references to her in the pleadings, as well as her

8  personal information, including her addresses, phone numbers, and social security number.

9  Phillips' pleadings and incorporated documents include Cane's name prior to her gender

10 reassignment, and Phillips draws attention to the fact that Cane was previously "a male lawyer."

11 Dkt. # 1, p. 11. In addition, Plaintiff submitted an exhibit that identifies Cane's address, phone

12 number, social security number, and other personal information. Dkt. #1-2, pp. 1-4. Phillips's use

13 of this information in his pleadings offends the dignity of the Court, having plainly been included

14 for no purpose other than to harass Ms. Cane. This is made evident from the fact that *Phillips*

15 *redacted his own personal information* from Court documents. Further, putting Cane's personal

16 information in the public record may subject her to an increased risk of physical danger or

17 harassment. Indeed, the simple act of putting both Cane and Jardin's personal and identifying

18 information in the public record unnecessarily places them both at needless risk. Accordingly,

19 the motion to strike is granted, the offending documents shall be sealed, and Phillips shall file

20 redacted versions of his documents within <u>fourteen (14)</u> days of this Order.

21     Plaintiff is further warned that such disregard for Rule 11 of the Federal Rules of Civil

22 Procedures will not be tolerated by the Court. Rule 11 applies equally to attorneys as well as

23 those parties proceeding on a *pro se* basis. Fed. R. Civ. P. 11(b).

24

# IV. CONCLUSION

The Court, having considered Defendants' motion, Plaintiff's response thereto, the reply, and the remainder of the record, hereby finds and ORDERS:

(1)     Defendant's Motion to Dismiss (Dkt. # 11) is GRANTED. Plaintiff's claims against Defendant Cane are DISMISSED with prejudice;

(2)     Defendant's Motion to Strike (Dkt. #11) is GRANTED;

(3)     The Clerk is directed to SEAL Dkt. # 1-2.;

(4)     Plaintiff shall file a redacted version of Dkt. # 1-2 within <u>fourteen (14) days</u> of this Order;

(5)     All "a/k/a" references in the caption are STRICKEN;

(6)     The Clerk is directed to forward a copy of this Order to Plaintiff and all counsel of record.

DATED this 9th day of August 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE